UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Galen R. Huston<br> Petitioner | )<br>)<br>) | CIVIL ACTION NO. |
| vs. | )<br>)<br>) | U. S. DISTRICT COURT - DE<br>MISC. CASE # 05-104 |
| The United States and<br>MBNA and American Express and<br>Citibank USA and Bank One/J.P. Morgan Chase<br><br> Respondents | )<br>)<br>)<br>)<br>)<br>)<br>) | PETITION TO<br>QUASH SUMMONS |

FILED 2005 MAY 24 PM 3:36 CLERK U.S. DISTRICT COURT DISTRICT OF DELAWARE

1. This is an action under the Special Procedures for Third Party Summons Act, 26 USC §7609, to halt the above-named third-party custodian of records from revealing Petitioner's private records to the Internal Revenue Service, and to quash the summons.

2. This court has jurisdiction over this action pursuant to 26 USC §7609(h), 28 USC §1346, and the First, Fourth, Fifth, Ninth and Tenth Amendments to the U.S. Constitution.

3. Petitioner is a citizen of the United States and entitled to the protection of its laws and/or respondent third-party custodian of records is a resident of and/or doing business in the district.

4. According to law, Petitioner, a person entitled to Notice of the Summons under 26 USC §7609(a), has the right to begin these proceedings to quash such summons not later than the 20th day after the day such notice is given, and should mail within 20 days from the date of Notice at the address shown on the summons by registered or certified mail a copy of this petition to (A)

the third-party custodian of records who received the summons, and (B) to the IRS Officer before whom the summoned person is to-appear at the address shown on the summons. The records sought by the summons relate to the Petitioner and are his personal records.

5. This Court should quash said summons, for the following reasons:

    A. The IRS has classified Petitioner as a "Tax Protester" and has abandoned in an institutional sense the pursuit of a civil tax determination or collection purpose and has made an institutional commitment to make a referral to the Department of Justice for prosecution as it would merely like to gather evidence to aid a prosecution. *US v. LaSalle National Bank*, 437 US 248, 98 S Ct 2357 (1978).

    B. The Service, having abandoned the pursuit of Petitioner's civil tax liability, is attempting to use the summons for the impermissible purpose of gathering evidence solely for a criminal investigation, and is attempting to circumvent the traditional role of the grand jury as the principal tool of criminal investigation in our society. *US V. LaSalle National Bank, supra*.

    C. The IRS has made a formal recommendation to the Department of Justice for prosecution of Petitioner or has made an informal determination and withheld the formal recommendation in order to use this civil process to circumvent the decision of the Federal Courts. The IRS has made a preliminary investigation into Petitioner's financial condition, since it has access to a tremendous amount of financial data on Petitioner and has thusly abandoned any hope of making any civil collection in this case, but is delaying in submitting a formal recommendation to the Department of Justice in order to gather additional evidence, to expand its criminal discovery rights, and to serve as an information gathering agency for the prosecuting attorney.

D. The summonses themselves indicates that this is a criminal investigation as much of the information sought has no bearing on a civil investigation but is that generally exclusively used for criminal prosecution. The Court should examine each type of document requested for a civil purpose. The Court, in examining each and every summons and all parts thereof, will discover that not all of the information sought contributes in some way to a civil inquiry. Even if the Court could discover a general civil purpose for the tax investigation, this would not terminate judicial inquiry into whether the summons (or parts thereof) issued during investigation exceeded the authority of the Internal Revenue Service. The court must focus on the purposes of each individual summons (or parts thereof) and not on the purpose of the investigation as a whole. If any one of many summonses or parts thereof were issued solely f or a criminal investigation, that particular summons should be suppressed, even in the face of an overwhelmingly civil purpose for the investigation as a whole. The IRS simply would lack statutory authority to issue that particular summons. *US v Genser*, 595 F2d 146 (Third Circuit, 1979). The IRS has only that authority granted to it by Congress. The Congress has given the IRS administrative summons powers in IRC §7603 and §7604 to be used only in civil cases and has not yet given this administrative agency mandatory criminal investigatory powers. Therefore, the IRS simply does not have the authority to summons those particular third-party records which would be used only in criminal prosecutions.

E. The information in the possession of the Respondent third-party custodian of records is of a private nature and was not intended to be given to parties not authorized by Petitioner. Furnishing such personal and private information about Petitioner to the IRS or any other governmental body

without Petitioner's consent is a violation of his person, his privacy, his Constitutional rights, and his natural rights, which should and ought to be protected by the government.

    F. The IRS summonses are not issued in good faith, as the information sought by the individual summonses are too broad and too sweeping in detail to be used by the IRS only to prove the actual existence of a valid civil tax determination or for a collection purpose. Most of the items sought by the summons are needed only by the Department of Justice to aid in a criminal prosecution.

    G. The IRS has failed to meet the procedural requirement of the summons authority, including the required provisions of 26 USC §7602, §7603, §7609, etc. The summons is patently defective on its face, filled out incorrectly by an unauthorized person, and served incorrectly for an improper purpose. In addition, it violated the notice and hearing requirements. The agents have failed to comply with the mandatory procedures in 26 USC §7605(c) and have not secured the proper authorization, nor given the proper notice.

    H. The summonses were not issued in good faith. They were not conducted pursuant to a legitimate purpose. They were not relevant to any lawful purpose. The information they seek is already within the possession of the Internal Revenue Commissioner. The required administrative steps have not been followed. The summonses are an abuse of the administrative process. They were issued for the improper purpose of harassing and pressuring the Petitioner. *US v Powell*, 379 US 78, 85 S Ct 248 (1964).

    I. IRS Manual Supplement 9G-93, the procedural guideline for prosecuting those persons classified by the IRS as "tax protesters," removes any discretion from the individual agents assigned to the case. MS 9G-93,

IRM 9383.6 and other IRS procedures on persons similarly labeled as Petitioner set forth a policy whereby the cases are totally criminal *ab initio*, to the extent that individual agents and the IRS itself have no discretion or authority to compromise whatsoever in these cases. This manual is, by itself, the institutional commitment to prosecute.

6. The government alleges that one opposing the summonses bears the burden of disproving the actual existence of a valid civil tax determination or collection purpose.  To meet said burden, Petitioner needs adequate pre-hearing discovery.  Petitioner, given sufficient discovery, can prove:

   A. No further existence of a continuing civil purpose.

   B. A pre-existing institutional commitment to prosecute.

   C. The failure of the summons to advance a civil purpose.

   D. Improper purpose, political harassment, etc.

7. In his affidavit and Summary of Authorities, to be filed henceforth, Petitioner will enumerate the government's actions, which speak louder than words and show that the true nature of this investigation and the purpose of the government is to circumvent the traditional role of the grand jury and the other Constitutional protections of the Petitioner as guaranteed in the Bill of Rights.  IRC §7609 provided Petitioner, as "a person who is entitled to notice of a summons", the right to petition to quash a summons. Obviously, the Congress meant for the suit to be meaningful, with adequate pre-hearing discovery, plus a real evidentiary hearing with government witnesses testifying under oath.

8. IRC §7603 provides that the summons be "attested," and this is mandatory.  The IRS summons in this case is not attested, or not attested properly, because *inter alia* it is neither notarized nor properly worded.

Wherefore, Petitioner incorporates herein by reference his affidavit, memorandum of law and supplemental motions, and requests that the court quash the IRS summonses directed to the third-party custodian of records, and award Petitioner's cost, fee and other just relief.

Respectfully submitted this_____day of May, 2005.

*[signature]*
Galen R. Huston
Petitioner, *pro se*

Address:
2985 W. Roxboro Road
Atlanta, Georgia  30324



# Summons

In the matter of  Galen R. Huston
Internal Revenue Service (Division):  Small Business/Self Employed Division
Industry/Area (name or number):  Gulf States Area, Abusive Tax Avoidance Transactions Group
Periods: 2001, 2002, 2003

## The Commissioner of Internal Revenue

To:  Custodian of Records, MBNA
At:  PO BOX 15021, Wilmington, Delaware 19850

You are hereby summoned and required to appear before  Carla Gamboni, or authorized designee
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

See Attached

**Do not write in this space**

Business address and telephone number of IRS officer before whom you are to appear:
801 Broadway, MDP 130, Nashville, Tennessee 37203 (615) 250-6069

Place and time for appearance at  701 Broadway, Room 407, Nashville, Tennessee 37203

**IRS**

on the  14th  day of  June , 2005  at  1  o'clock  p  m.
Issued under authority of the Internal Revenue Code this  13th  day of  May , 2005
                                                                                         (year)

Department of the Treasury
Internal Revenue Service

_Carla Gamboni_                                          Revenue Agent
Signature of issuing officer                                 Title

www.irs.gov
_Deborah A. Fitzpatrick_                                 Group Manager
Form 2039 (Rev. 12-2001)    Signature of approving officer (if applicable)    Title
Catalog Number 21405J

                                                                Part C  —  to be given to noticee

ATTACHMENT TO SUMMONS ISSUED TO: MBNA

FOR THE YEARS: 2001 - 2003

Records relative to Galen (Glen) R. Huston (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).

Account number: 549099277969 & 520001005104 or any other open and/or closed account in years shown

Such records to include but not limited to:

1. A transcript, ledger card or other record reflecting the dates and amounts of payments to and/or from Galen (Glen) R. Huston.

2. Checks (front and back) issued to and from Galen (Glen) R. Huston.

3. Any application, financial statement, or credit investigation obtained relative to entry into the credit card program.

4. Forms submitted by requesting party each month and your transmittal form to them transmitting and summarizing monthly payments to them.

5. Records explaining participation in your plan, stating the purpose of the payments to them and disclosing the total paid to them in each of the years separately.

RECORD FORMAT: In addition to hard copies, records are requested in the form of magnetic media. Data may be provided in DVD, CD, or 3 1/2 inch diskette, in ASCII delimited format. A record layout for the data is also requested.