**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GALEN R. HUSTON,                    )<br>                                     )<br>        Petitioner,              )<br>                                     )<br>    v.                               )<br>                                     )<br>UNITED STATES OF AMERICA, et al.,    )<br>                                     )<br>        Respondents.            ) | Civil Action No. 05-mc-104-KAJ |

**MEMORANDUM IN SUPPORT OF UNITED STATES'
MOTION FOR SUMMARY DENIAL OF PETITION TO
QUASH & SUMMARY ENFORCEMENT OF SUMMONS**

This is a civil action in which petitioner seeks to quash internal revenue summons served upon a third-party recordkeeper.

**QUESTIONS PRESENTED**

Galen R. Huston filed a petition seeking to quash administrative summons issued by the Internal Revenue Service and served upon a third-party recordkeeper. The summons was issued by or for Revenue Agent Carla Gamboni in connection with an investigation of Huston. The summons, issued May 13, 2005, seeks records and information that may be relevant to the investigation of Huston, seeks information not in the possession of the Internal Revenue Service except under seal, and was issued after all of the administrative steps required by the law were carried out. No "Justice Department referral" is in effect with respect to Huston. Should the Court deny the petition to quash and summarily enforce the summons?

**STATEMENT**

1. Introduction: the Investigation of Galen R. Huston. Carla Gamboni is a revenue agent, employed by Internal Revenue Service in the Abusive Tax Avoidance Transactions Group. (Gamboni Decl. ¶ 1.) She is assigned to a post of duty at Nashville, Tennessee. (Id.) In Gamboni's capacity as a revenue agent, she is conducting an investigation concerning the Federal income tax liabilities of Galen R. Huston. (Gamboni Decl. ¶ 2.) The purpose of the

investigation is to determine the Federal income tax liabilities of Galen R. Huston for the years 2001, 2002, and 2003.  (Id.)

  2.  The MBNA summons.  In furtherance of the investigation of Galen R. Huston, and in accordance with 26 U.S.C. § 7602, on May 13, 2005, Revenue Agent Gamboni issued an administrative summons, Internal Revenue Service Form 2039, to MBNA.  (Gamboni Decl. ¶ 3.)  The summons directed MBNA to give testimony and to produce for examination on June 14, 2005, books, records, papers, and other documents as described in the attachment summons.  (Gamboni Decl. ¶ 5)  The summons requested information relating to Galen R. Huston in connection with the tax years  2001, 2002, and 2003, as more fully described on the summons.  (Id.)

  Revenue Agent Gamboni served the summons on MBNA on May 13, 2005, by sending an attested copy of the summons by certified mail to MBNA's last known address, P.O. Box 15021, Wilmington, Delaware 19850.  (Gamboni Decl. ¶ 5.).  She gave timely notice of the service of the summons to Galen R. Huston on the same day, May 13, 2005, by mailing notice to him via certified mail.  (Gamboni Decl. ¶ 8.)

  On or about June 14, 2005, MBNA produced information responsive to the summons to Revenue Agent Gamboni.  (Gamboni Decl. ¶ 14.)  The documents produced have not been reviewed and are being kept under seal pending resolution of the petition to quash the summons.  (Id.)

  The documents and records sought by the May 13, 2005 summons directed to MBNA are not in the possession of the Internal Revenue Service except under seal as stated above.  (Gamboni Decl. ¶ 14.)  All administrative steps required by the Internal Revenue Code for issuance of the summons have been followed.  (Gamboni Decl. ¶ 11.)

  It is necessary to obtain the testimony and to examine the books, records, papers, and other data sought by the summons directed to MBNA in order to determine the correct amount of

individual income tax for Galen R. Huston for the years 2001, 2002, and 2003. (Gamboni Decl. ¶ 10.)

3. No "Justice Department referral is in effect. No "Justice Department referral" is in effect with respect to Galen R. Huston. (Gamboni Decl. ¶ 12.) In addition, the Internal Revenue Service has not classified Galen R. Huston as a "tax protestor." (Id.)

4. The motion at bar. On the foregoing facts, the United States requests that the Court deny the petition to quash and summarily enforce the administrative summons issued on May 13, 2005.

## SUMMARY OF THE ARGUMENT

Petitioner's grounds for quashing the summons issued to MBNA are without merit and irrelevant. In order to obtain enforcement of an Internal Revenue Service summons, the United States must show four elements. These are: 1) that the summons was issued for a proper purpose; 2) that the information sought may be relevant to that purpose; 3) that the information being sought is not already in the possession of the Internal Revenue Service except under seal pending resolution of the petition; and 4) that the administrative steps required by law with respect to the issuance and service of a summons have been followed. In the case at hand, all four of these elements have been demonstrated by the Declaration of Carla Gamboni. Therefore, a prima facie case for enforcement of the summons has been established.

As a final matter, no "Justice Department referral" is in effect with respect to the taxpayer, Galen R. Huston. Therefore, the summons is enforceable and should be enforced by this Court.

# ARGUMENT

## I

### THE COURT SHOULD DENY THE PETITION TO QUASH SUMMONSES

Petitioner asserts the following arguments in support of his petition to quash the summons issued to MBNA: (1) that the summons is an improper use of civil summons authority for a criminal investigation; (2) that the Service has made either a formal or informal recommendation to the Department of Justice for criminal prosecution, or has withheld a formal recommendation to the Department of Justice in order to use the civil summons authority for a criminal investigation; (3) that the Service has classified him as a "Tax Protestor;" (4) that the records sought by the summons are private; (5) that the Service has not acted in good faith; and (6) that the Service has failed to satisfy the procedural requirements of its summons authority.

These arguments are wholly without merit and the allegations are contradicted by the evidence in the record of this case as set forth in the Declaration of Carla Gamboni. There is no referral to the Department of Justice for criminal prosecution and the Service has not classified Galen R. Huston as a "Tax Protestor." (Gamboni Decl. ¶ 12.) Further, the summons has been issued in good faith for a legitimate purpose – the investigation of Galen R. Huston's tax liabilities for the years 2001, 2002, and 2003. (Gamboni Decl. ¶ 10.) Finally, as set forth below, all administrative steps required by the Internal Revenue Code for the issuance and service of the summons have been taken. Therefore, the court should deny the petition to quash the summons issued to MBNA.

## II

### THE COURT SHOULD SUMMARILY ENFORCE THE SUMMONS

This Court has jurisdiction to enforce the third-party recordkeeper summons at issue in this case. See 26 U.S.C. § 7609(b)(2)(A)[last sentence] ("In any such proceeding, the Secretary

may seek to compel compliance with the summons."). In its response to the petition to quash summons, the United States seeks enforcement of the summons.

The standards for enforcement of an Internal Revenue Service administrative summons are well established. To demonstrate a prima facie case for enforcement, the United States only need show: 1) that the summons was issued for a proper purpose; 2) that the information sought may be relevant to that purpose; 3) that the information being sought is not already in the possession of the Internal Revenue Service; and 4) that the administrative steps required by law with respect to the issuance and service of the summons have been followed. See United States v. Powell, 379 U.S. 48, 57-58 (1964); *United States v. Cortese*, 614 F.2d 914, 919 (3d Cir. 1980); *Moutevelis v. United States*, 561 F. Supp. 1211, 1213 (M.D. Pa. 1983), aff'd 727 F.2d 313 (3d Cir. 1984). Upon establishment of the four elements of the prima facie case, the United States is entitled to enforcement of the summons. See *United States v. Stuart*, 489 U.S. 353, 353-354 (1989).

Revenue Agent Gamboni's declaration establishes all of the requisite elements for enforcement of the summons. First, the Gamboni declaration establishes that the summons was issued for a proper purpose, i.e., an investigation concerning the Federal income tax liabilities of Galen R. Huston for the years 2001, 2002, and 2003. (Gamboni Decl. ¶ 2.)

Second, the information sought by the summons may be relevant to Revenue Agent Gamboni's examination. (Gamboni Decl. ¶¶ 9-10.) More specifically, it is necessary to obtain the testimony and to examine the books, records, papers, and other data sought by the summons in order to determine the correct amount of individual income tax for Galen R. Huston for the years 2001, 2002, and 2003. (Id.)

As for the third requirement, that the Internal Revenue Service not already be in possession of the summoned data, Revenue Agent Gamboni states that the books, records, papers or other data that were sought by the summons and produced by MBNA are being kept under

seal pending resolution of the petition to quash and otherwise are not already in the possession of the Internal Revenue Service  (Gamboni Decl. ¶ 14.)

Fourth, all of the administrative steps for the issuance and service of the summons were followed.  (Gamboni Decl. ¶ 11.)

Last, no "Justice Department referral" is in effect with respect to Galen R. Huston.  (Gamboni Decl. ¶ 12.)  Under the Internal Revenue Code, no summons may be enforced if a "Justice Department referral" is in effect with respect to the subject of the summons.  26 U.S.C. § 7602(d)(1); see *Moutevelis*, 561 F. Supp. at 1213.  A "Justice Department referral" is in effect with respect to any person if the Secretary of the Treasury has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws or any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information relating to such taxpayer.  26 U.S.C. § 7602(d)(2)(A).  In the case at hand, Revenue Agent Gamboni has stated under oath that the Internal Revenue Service has not made a referral to the Department of Justice as defined by 26 U.S.C. § 7602(d) with respect to Galen R. Huston for the tax years under investigation.  (Gamboni Decl. ¶ 12.)  With this certification, the summons is enforceable.

Thus, the United States has established a prima facie case for enforcement of the summons issued to and served upon MBNA.  This Court should issue an order denying the petition to quash and enforcing the summons issued to MBNA.

## CONCLUSION

It is the position of the United States that the Court ought to grant the motion to deny petition to quash and summarily enforce summons.

        Respectfully submitted,

        COLM F. CONNOLLY
        United States Attorney

By: /s/Patricia C. Hannigan
        Patricia C. Hannigan
        Assistant United States Attorney
        Delaware Bar I.D. No. 2145
        The Nemours Building
        1007 Orange Street, Suite 700
        P. O. Box 2046
        Wilmington, DE 19899-2046
        (302) 573-6277
        Patricia.Hannigan@usdoj.gov

        /s/ Jennifer L. Best
        Jennifer L. Best
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 227
        Ben Franklin Station
        Washington, DC 20044
        Telephone (202) 307-0714

Dated: August 3, 2005

## CERTIFICATE OF SERVICE

      I, Patricia C. Hannigan, hereby certify that on **August 3, 2005**, I electronically filed the foregoing **MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION FOR SUMMARY DENIAL OF PETITION TO QUASH & SUMMARY ENFORCEMENT OF SUMMONS** with the Clerk of Court using CM/ECF. Notification of such filings will be served via Federal Express or United States Mail, First Class, upon the following:

**Galen R. Huston**  
2985 W. Roxboro Road  
Atlanta, GA 30324  
404-237-1233  
*Pro Se*

**Via Federal Express**

**MBNA**  
P.O. Box 15021  
Wilmington, DE 19850

**Via First Class U.S. Mail**

    COLM F. CONNOLLY  
    United States Attorney

By:  /s/Patricia C. Hannigan  
    Patricia C. Hannigan  
    Assistant United States Attorney  
    Delaware Bar I.D. No. 2145  
    The Nemours Building  
    1007 Orange Street, Suite 700  
    P. O. Box 2046  
    Wilmington, DE 19899-2046  
    (302) 573-6277  
    Patricia.Hannigan@usdoj.gov

    /s/ Jennifer L. Best  
    Jennifer L. Best  
    Trial Attorney, Tax Division  
    U.S. Department of Justice  
    P.O. Box 227  
    Ben Franklin Station  
    Washington, DC 20044  
    (202) 307-0714