IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

GALEN R. HUSTON, )
)
    Petitioner, )
)
v. ) Case No. 05-104
)
UNITED STATES OF AMERICA, ET AL., )
)
    Respondents. )

## UNITED STATES' RESPONSE TO THE PETITION TO QUASH SUMMONS

The United States of America, by undersigned counsel, responds to the petition to quash summons as follows:

1. Admits this is an action under 26 U.S.C. § 7609. Denies the remaining allegations of ¶ 1.

2. Admits that this Court has jurisdiction over this action under 26 U.S.C. § 7609(h) and 28 U.S.C. § 1346. Denies the remaining allegations in ¶ 2.

3. Admits that MBNA is located in this district. The United States is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 3.

4. Admits the allegations in ¶ 4.

5. Denies the allegations in ¶ 5.

6. Denies the allegations in ¶ 6.

7. Denies the allegations in ¶ 7.



EXHIBIT "A"

1/2

the correct amount of individual income tax for Galen R. Huston for the years 2001, 2002, and 2003

13. As of the date of this response, no "Justice Department referral" is in effect with respect to Galen R. Huston. The Internal Revenue Service has not classified Galen R. Huston as a "tax protestor."

WHEREFORE, the respondent, the United States of America, respectfully prays:

A. That this Court deny the petition to quash summons;

B. That this Court enforce the Internal Revenue summons issued on May 13, 2005 to MBNA, requiring compliance with it and specifically directing the summoned party to obey the summons served upon it and each and every requirement thereof, ordering its attendance and testimony and the production of the bank records as required by the terms of the summons before Revenue Agent Carla Gamboni, or any authorized officer of the Internal Revenue Service, at such time and place as may hereinafter be fixed by Revenue Agent Gamboni, or any authorized officer of the Internal Revenue Service, or by this Court, and permitting Revenue Agent Gamboni, or any authorized officer of the Internal Revenue Service, to examine the summoned bank records;

C. That the United States recover its costs in this action; and

D. That the Court grant such other and further relief as may be deemed just and proper under the circumstances.

- 4 -

1047853.1

EXHIBIT "A"

2/2

Thus, the United States has established a *prima facie* case for enforcement of the summons issued to and served upon MBNA. This Court should issue an order denying the petition to quash and enforcing the summons issued to MBNA.

## CONCLUSION

It is the position of the United States that the Court ought to grant the motion to deny petition to quash and summarily enforce summons.

DATE: July __, 2005.

                                           Respectfully submitted,

                                           COLM F. CONNOLLY
                                           United States Attorney

                                           /s/ Jennifer L. Best
                                           JENNIFER L. BEST
                                           Trial Attorney, Tax Division
                                           U.S. Department of Justice
                                           P.O. Box 227
                                           Ben Franklin Station
                                           Washington, DC 20044
                                           Telephone (202) 307-0714

EXHIBIT "A"