IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GALEN R. HUSTON,                               )
                                               )
                    Petitioner,                )
                                               )
        v.                                     )
                                               )    Civil Action NO: 1:05-mc-00104-KAJ
UNITED STATES OF AMERICA, MBNA,                )
AMERICAN EXPRESS, CITIBANK USA,                )
and BANK ONE/J.P. MORGAN CHASE,                )
                                               )
                    Respondents.               )
                                               )
                                               )
                                               )

## MEMORANDUM ORDER

I.    **INTRODUCTION**

Presently before me is a petition (Docket Item ["D.I."] 1; the "Petition") by *pro se*

petitioner Galen R. Huston ("Huston") to quash the Internal Revenue Service ("IRS")

summons served upon third-party recordkeeper and respondent MBNA pursuant to 26

U.S.C. § 7609(b)(2).[1]  Also before me is the motion of the United States to summarily

enforce the summons (D.I. 6; the "Motion.")  The Petition is opposed by the United

States.  (D.I. 5.)  Jurisdiction over this matter is proper under 28 U.S.C. § 1331 because

_____

        [1] Huston's petition to quash refers to only one summons (D.I. 1), and the United
States' response to the Petition designates that summons to be the MBNA summons
(D.I. 5).  Therefore, for the purposes of this petition to quash, I will refer only to the
MBNA summons.

MBNA's headquarters is situated in Delaware.[2]  For the following reasons, I will deny Huston's petition to quash.

## II.    BACKGROUND

Carla Gamboni ("Gamboni") is an IRS employee based in Nashville, Tennessee. (D.I. 8 at ¶ 1.)  She acquired information indicating that Huston failed to file federal income tax returns for the taxable years 2001, 2002, and 2003.  (*Id.* at ¶ 2.)  As a result, she began a civil examination of the federal tax liabilities of Huston for the aforementioned taxable years.  (*Id.*)  As part of the civil examination, she issued IRS summonses on May 13, 2005 to MBNA as well as American Express, Citibank USA, and Bank One/J.P. Morgan Chase, who are all named respondents in this proceeding.[3] (*Id.* at ¶ 3, p. 7-18)  In addition, pursuant to 26 U.S.C. § 7609(a), on May 13, 2004, she provided notice of the summonses and copies of the summonses to Huston via certified mail to his last known address.  (*Id.* at ¶ 8.)  In accordance with 26 U.S.C. § 7602, MBNA appeared before her on June 14, 2005 to give testimony and to produce information relating to the tax liabilities of Huston.  (*Id.* at ¶ 14.)  The documents produced in that investigation are presently kept under seal pending the resolution of this case.  (*Id.*)

---

[2] According to 26 U.S.C. § 7609(h)(1), "[t]he United States district court for the district within which the person to be summoned resides . . . shall have jurisdiction to hear and determine any proceeding brought under subsection (b)(2) . . . ."

[3] As noted, supra n.1, even though American Express, Citibank USA, and Bank One/J.P. Morgan Chase are named as respondents in Huston's Petition, only the MBNA summons is discussed in the Petition and is attached to the Petition.

On May 24, 2005, Huston filed a petition under 26 U.S.C. § 7609(b)(2) to quash the summons issued to MBNA and to prevent MBNA's Custodian of Records from revealing the requested records. (D.I. 1 at ¶ 1.)  Huston contends that the IRS has classified him as a "tax protester" and has abandoned the expectation of recovering Huston's civil tax liability. (*Id.* at ¶¶ 5(A)-(B).)  He claims that the IRS is continuing with a civil examination and issued the summons improperly so that it could collect information for a criminal investigation. (*Id.*)  He further claims that the IRS has either made a formal recommendation to the Department of Justice ("DOJ") for criminal prosecution or made an informal recommendation to the DOJ and withheld making a formal recommendation to the DOJ in order to take advantage of its civil summons authority to advance a criminal investigation. (*Id.* at ¶ 5(C).)  Thus, Huston contends that the summons should not be enforced because it was issued for an improper purpose. (*Id.* at ¶ 5(B).)

On the other hand, the United States argues that Huston's claims are without merit and relevance. (D.I. 7 at p. 3.)  It stated that the IRS has not classified Huston as a "tax protester" and it denies the existence of any criminal referral to the DOJ with respect to Huston. (*Id.* at p. 4.)  Moreover, it asserts that the summonses were issued in good faith and for the proper purpose of determining the tax income of Huston for the taxable years 2001, 2002, and 2003. (*Id.*)

III.  **DISCUSSION**

A summons issued pursuant to 26 U.S.C. § 7602 should be enforced when the government establishes the following four criteria: (1) "the investigation will be

3

conducted pursuant to a legitimate purpose;" (2) "the inquiry may be relevant to the purpose;" (3) "the information sought is not already within the [IRS] Commissioner's possession," and (4) "all IRS administrative procedures must have been followed." *United States v. Powell*, 379 U.S. 48, 57-58 (1964). If the requisite elements are established, the government is entitled to enforcement of the summons unless the taxpayer can prove that there has been an abuse of the court's process.[4] *Id.* at 58.

In this case, the government has established a prima facie case for enforcement, demonstrating that the IRS was acting in good faith in issuing the summons. The IRS summons was issued for the legitimate purpose of determining Huston's tax liability for years 2001, 2002, and 2003, and the information sought is relevant to that purpose. Gamboni, the IRS investigator, made a declaration that Huston did not file any federal income tax returns for the aforementioned taxable years (D.I. 8 at ¶ 2), and Huston did not deny the allegations. The investigation is necessary in order to determine Huston's income for taxable years 2001, 2002, and 2003.

Furthermore, the information sought is not already in the possession of the IRS. Gamboni had declared that the documents provided by MBNA in response to the summons have not been reviewed and are being kept under seal pending the resolution of this case. (*Id.* at ¶ 14.) In addition, when issuing the summons, Gamboni followed all IRS administrative procedures and duly informed Huston of the issuance of the summons.

---

[4] Huston's petition raises several other issues, including Fourth Amendment issues. (D.I. 1; D.I. 10.) However, I will not address them because they are not pertinent to this case and the dispositive law is clear and well-established.

4

Huston also asserts that a Justice Department referral is in effect and that the summons should not be enforced pursuant to 26 U.S.C. § 7602(d). (D.I. 1 at ¶¶ 5(A), (C).) However, Gamboni has made a declaration to the contrary and has denied that the civil examination into Huston's federal tax liabilities has been abandoned. (D.I. 8 at ¶ 12.) Huston also failed to demonstrate the existence of such a referral to the DOJ. Therefore, all elements for the enforcement of the summons have been established, and the summons will be enforced.

IV.    **CONCLUSION**

Accordingly, it is hereby ORDERED that Huston's petition to quash the IRS summons (D.I. 1) is DENIED, and the United States Motion for Summary Enforcement (D.I. 6) is GRANTED.

UNITED STATES DISTRICT JUDGE

September 23, 2005
Wilmington, Delaware

5